IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20314
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH EUGENE NABORS, a/k/a
Raymond Michael Nabors,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(CR-H-88-306-1)
- - - - - - - - - -
April 16, 1996
Before JOHNSON, KING, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Raymond Michael Nabors appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for modification of his term of imprisonment for manufacturing phenylacetone. Nabors argues: that the district court failed to distinguish among types of methamphetamine during sentencing; that the district court should have based his sentence on production of L-methamphetamine rather than pure methamphetamine as a matter of lenity and because he could not have produced pure methamphetamine; that a university chemist calculated that he could produce only one-quarter pound

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

of methamphetamine, and a more experienced manufacturer could produce only 1.27 pounds, from the chemicals he had on hand; that the district court should have considered retroactive application of U.S.S.G. § 2D1.11, which provides offense levels for possession of listed chemicals, when addressing his § 3582 motion; and that § 2D1.1 already takes relevant conduct into account by penalizing possession of phenylacetone for production of methamphetamine more seriously than possession for any other reason.

Regarding the quantity of drugs on which the district court based Nabors's sentence, we have reviewed the record and the briefs of the parties and we find no reversible error. We therefore affirm the denial of Nabors's § 3582 motion essentially for the reasons given by the district court.

Nabors did not raise his contentions regarding types of methamphetamine or retroactive application of § 2D1.11 in the district court. Nor did Nabors present any scientific evidence to the district court regarding the manufacture of methamphetamine. We find no plain error regarding retroactive application of § 2D1.11 or types of methamphetamine that could have been produced. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), *cert. denied*, 115 S. Ct. 1266 (1995).

Finally, we will not supplement the record on appeal to include Nabors's alleged expert evidence; Nabors did not present that evidence to the district court. *See United States v.*

*Okoronkwo*, 46 F.3d 426, 435 (5th Cir.), *cert. denied*, 116 S. Ct. 107 (1995).

AFFIRMED.